UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Kosmyna,   Case No. 3:25-cv-00137

        Plaintiff,

v.   MEMORANDUM OPINION
AND ORDER

Frankenmuth Insurance Co.,

        Defendant.

## I. INTRODUCTION AND BACKGROUND

During the winters of 2020 and 2021, Plaintiff David Kosmyna's house was damaged by ice and wind. (Doc. No. 1-1 at 6). Kosmyna filed a claim for wind damage with Defendant Frankenmuth Insurance Company, (*id.* at 6), pursuant to a residential insurance policy Kosmyna purchased in 2009. (*Id.* at 2). On September 26, 2022, Frankenmuth Insurance paid for the wind damages. In 2024, Kosmyna requested that Frankenmuth Insurance participate in an appraisal process to assess the amount of loss due to ice damage, as required in the CONDITIONS clause of the policy. (*Id.*) Frankenmuth declined to participate in the appraisal process, (*id.* at 6), and denied the claim for ice damage as a non-covered item, (*id.* at 8), leading Kosmyna to file suit in the Lucas County, Ohio Court of Common Pleas. Kosmyna asserts claims for breach of contract, bad faith, and punitive damages, and seeks an order compelling Frankenmuth Insurance to engage in the appraisal process. (*Id.* at 8-10). Frankenmuth Insurance timely removed this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Doc. No. 1).

Frankenmuth Insurance has moved to (1) bifurcate Kosmyna's breach of contract claim from the bad faith and punitive damages claims, and (2) stay discovery on the issues of bad faith and punitive damages until the resolution of the breach of contract claim. (Doc. No. 7). Kosmyna filed a brief in opposition, (Doc. No. 8), and Frankenmuth filed a brief in reply. (Doc. No. 9). For the reasons stated below, I deny both motions without prejudice.

## II.   ANALYSIS

Frankenmuth Insurance argues (1) bifurcation is necessary to avoid prejudice, (2) failure to bifurcate will lead to jury confusion, (3) bifurcation will serve judicial efficiency, and (4) a stay on discovery is necessary to prevent prejudice and the disclosure of privileged information. (Doc. 7).

Under Rule 42, a court may order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The decision to bifurcate is left to the sound discretion of the district court. *Am. Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 474 (6th Cir. 2004). In the Sixth Circuit, "the court in ordering separate trials will consider several issues such as prejudice to the parties, potential confusion to the jury, and the relative convenience and economy that would result." *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982). "'[B]ifurcation is the exception to the general rule that favors resolving disputes in a single proceeding'" and should be ordered only under exceptional circumstances. *Wellington v. Lake Health Sys.*, No. 1:19-CV-0938, 2020 WL 1031537, at *2 (N.D. Ohio March 3, 2020) (quoting *Wolkosky v. 21st Century Centennial Ins. Co.*, Case No. 2:10-CV-439, 2010 WL 2788676, at *3 (S.D. Ohio 2010)) (alteration by *Wellington*). "The party requesting bifurcation bears the burden in demonstrating that it is warranted." *In re Heparin Prod. Liab. Litig.*, No. 1:08-hc-60000, 2011 WL 1097637, *2 (N.D. Ohio 2011). I conclude Frankenmuth Insurance has failed to meet its burden.

A.   **PREJUDICE**

First, Frankenmuth Insurance argues that to defend against the bad faith and punitive damages claims, it must present evidence at trial regarding its "investigator's mental impressions and good faith effort to resolve the issues." (Doc. No. 7 at 5). It claims that the presentation of this evidence during the "coverage stage" of the trial would be unfairly prejudicial. (*Id.*). Further, Frankenmuth Insurance contends that because the legal standard for punitive damages differs from the legal standard for liability, bifurcation of the issues is proper. (*Id.* at 5-6).

Federal courts in Ohio have repeatedly held that mere assertions that disclosure of information will prejudice a client cannot support an argument for bifurcation; the party must make a specific showing as to how it will be prejudiced on the underlying coverage claim. *See, e.g., Woods v. State Farm Fire & Cas. Co.*, Case No. 2:09-CV-482, 2010 WL 1032018, at *3. (S.D. Ohio Mar. 16, 2010). Frankenmuth Insurance's general assertion of prejudice without any specific evidence fails to meet its burden to establish it would suffer prejudice without bifurcation.

B.   **JURY CONFUSION**

Frankenmuth Insurance next asserts that failure to bifurcate will "overwhelm a rational decisionmaker" and lead to jury confusion. (Doc. No. 7 at 6). It argues that asking the jury to decide if Frankenmuth Insurance rightly denied coverage, and then determine if the investigation was diligent and honest, would make the issues unclear and confusing. (*Id.*). Further, Frankenmuth Insurance fears the jury will be incapable of discerning which legal standard to apply when first deciding if denial of coverage was appropriate, and then determining whether that decision was properly made. (*Id.*).

"'[T]he simple fact that breach of contract of insurance coverage and bad faith claims will be tried jointly' is not enough to show 'that jury confusion will result.'" *Sycamore Ctr., LLC v. Frankenmuth Ins. Co.*, Case No. 1:23-CV-438, 2023 WL 6930889, at *1 (S.D. Ohio Oct. 19, 2023)

3

(quoting *Wolkosky*, 2010 WL 2788676, at *5 ). Bifurcation for the purpose of avoiding jury confusion in this case is unwarranted. Any threat of potential confusion "will be alleviated through proper jury instructions." *Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136, 1150 (S.D. Ohio 2021). *See also CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009) ("[J]uries are presumed to follow the court's instructions.") (citation omitted). Moreover, the risk of jury confusion can be avoided by including, if appropriate, interrogatories for the jury or separate jury forms.

**C.    JUDICIAL ECONOMY**

Frankenmuth Insurance also argues bifurcation is appropriate because "a successful trial on the underlying liability moots the need for further litigation of the bad faith claim and punitive damages." (Doc. No. 7 at 7). As such, bifurcating the claims will "streamline the evidence presented." (*Id.*).

But "[s]ome Ohio courts have held that an insured might be able to prove the second type of bad faith claim [recognized under Ohio law] – based on [a] failure to determine whether there was a lawful basis to deny coverage – even if [the plaintiff] fails to establish the underlying coverage claim." *Poneris v. Pa. Life Ins. Co.*, No. 1:06-cv-254, 2007 WL 3047232, at *2 (S.D. Ohio Oct. 18, 2007) (citing cases). *See also M & M Royalty, LLC v. Travelers Cas. & Sur. Co.*, Case No. 5:11-CV-2454, 2012 WL 2367570, at *5 (N.D. Ohio June 21, 2012) (noting that a bad faith claim may survive even if the insured fails to establish the underlying coverage claim).

Bifurcation and a stay on discovery will likely lead to a second round of repetitive discovery and disputes as to which discovery requests apply to the breach of contract claim as opposed to the remaining claims. For this reason, I am not persuaded that bifurcation or a stay on related discovery at this time will best serve the interest of judicial economy.

4

### D. STAY ON DISCOVERY

Frankenmuth Insurance also seeks a stay on discovery regarding Kosmyna's claims for bad faith and punitive damages, arguing that "[a]ny attempt by Plaintiff to introduce punitive/bad faith evidence, such as building worth and the thought process of Plaintiff's contractors and counsel, would be irrelevant to the merits of coverage and highly prejudicial and confusing." (Doc. No. 7 at 3). It contends failure to do so could result in Kosmyna receiving "work product that reflects the thought processes and coverage analysis of the insurer and its counsel," resulting in "great prejudice" to Frankenmuth Insurance. (*Id.* at 4).

But "not all insurers facing such disclosure will automatically suffer prejudice." *Chem. Solvents, Inc. v. Greenwich Ins. Co.*, Case No. 1:19-CV-525, 2019 WL 9958913, at *4 (N.D. Ohio Dec. 6, 2019). And an insurer "'cannot rely on mere assertions that permitting discovery on the bad-faith claim will prejudice its ability to defend the underlying coverage claim; a specific showing is required.'" (*Id.*) (quoting *Woods*, 2010 WL 1032018, at *3).

Frankenmuth Insurance offers a categorical assertion of prejudice but fails to show how it will be specifically prejudiced by a failure to stay discovery. Further, the parties are early in the discovery process. Whether Kosmyna's discovery requests will involve privileged documents or whether those documents might prejudice Frankenmuth Insurance is yet to be revealed, making this motion premature. Therefore, I deny Frankenmuth Insurance's motion to stay discovery. As discovery proceeds, to the extent Kosmyna seeks privileged documents, Frankenmuth Insurance can challenge such requests pursuant to Federal Rule of Civil Procedure 26 and Local Rule 37.1.

### III. CONCLUSION

For the reasons stated above, I deny, without prejudice, Frankenmuth Insurance's motion to bifurcate and stay discovery. (Doc. No. 7).

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge